**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LAFORTA - GESTÃO E INVESTIMENTOS, | § | Case No. 22-90126 (DRJ) |
| SOCIEDADE UNIPESSOAL LDA.,[1] | § | |
| | § | |
| Debtor. | § | |

**APPLICATION TO RETAIN JACKSON WALKER LLP
AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Laforta - Gestão E Investimentos Sociedade Unipessoal LDA (the "Debtor") files this application (this "Application") for entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtor to retain and employ Jackson Walker LLP as counsel, and respectfully state as follows:

## I. JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]   The Debtor in this chapter 11 case, along with the last four digits of the Debtor's Foreign tax identification number, is:  LaForta - Gestão e Investimentos, Sociedade Unipessoal, Lda (Zona Franca da Madeira) (5988).

3.      The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II.  BACKGROUND

4.      On June 17, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case").  The Debtor is winding down its business operations and continues to manage the wind-down and its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case.

5.      A detailed description surrounding the facts and circumstances of this case is set forth in the *Declaration of David Weinhoffer, Chief Restructuring Officer of Laforta - Gestão E Investimentos Sociedade Unipessoal LDA, in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration") [Docket No. 11].

6.      Additional factual background and information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the commencement of the Chapter 11 Case, is set forth in detail in the First Day Declaration.

## III.  RELIEF REQUESTED

7.      The Debtor desires to employ the law firm of Jackson Walker LLP (the "Firm"), 1401 McKinney Street, Suite 1900, Houston, Texas 77010 to serve as its counsel in this case, in accordance with the conditions set forth in that certain Engagement Letter between the Debtor and the Firm, as of June 9, 2022 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit A**, and incorporated herein by reference.

2

8.      In support of the Application, the Debtor submits the Declaration of Rebecca Blake Chaikin (the "Chaikin Declaration"), a partner of the Firm, which is attached hereto as **Exhibit B**.

A.      **Necessity for Retention of Counsel and Scope of Services**

9.      The retention of counsel is necessary to the successful administration of this chapter 11 case, and that the Firm's employment would be in the best interest of the estates.  The Firm's complex chapter 11 experience, as well as its extensive practice before this Court, and knowledge of the Bankruptcy Local Rules and practices, make it substantively and geographically ideal to efficiently serve the Debtor's needs.  The Firm regularly represents chapter 11 debtors in the Southern District of Texas and throughout Texas, and thus is well qualified by its experience to serve as counsel to the Debtor in this proceeding.

B.      **The Firm's Qualifications**

10.      The Debtor seeks to retain the Firm as set forth herein because of the Firm's recognized and extensive experience and knowledge of chapter 11 business reorganization as well as its experience practicing in Texas and in this District.

11.      The Firm has been actively involved in many major chapter 11 cases and has represented many debtors in districts throughout Texas.

12.      In preparing for its representation of the Debtor in this chapter 11 case, the Firm has become familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this chapter 11 case.  The Debtor believes that the Firm is both well-qualified and uniquely able to represent the Debtor in this chapter 11 case in an efficient and timely manner.

C.      **Compensation**

13.      The proposed arrangement for compensation is set forth in the Engagement Letter. *See* **Exhibit A**.   The Firm's fees are determined on the basis of time billed at hourly rates. The Firm's hourly rates vary with the experience and seniority of its attorneys and paralegals, and

3

are adjusted on October 1 of each year.  Work is assigned among attorneys and other professionals so as to meet the Debtor's needs, including timing requirements, in an economically efficient manner, typically resulting in blended rates of approximately $604 per hour or less.  The Firm did not vary from, or agree to any alternatives to, its standard or customary billing arrangements for this engagement.

14.    Expenses related to the Firm's services will be included in the Firm's applications for compensation, which may include third-party disbursements, such as travel expenses, messenger charges, filing and recording fees, and other costs.  It is the Firm's intent to bill such expenses at the Firm's cost.  Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with the Firm's standard schedule of charges.  To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, the Firm may ask that the Debtors be responsible for paying them directly, rather than through the Firm.

15.    The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates.  The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Southern District of Texas, and any other orders of the Court.  The Debtors will be jointly and severally liable for all fees and expenses incurred by the Firm for services rendered to the Debtors pursuant to the Engagement Letter.

16.    The Firm and the Debtor entered into the Engagement Letter on June 9, 2022.  The Debtor paid the Firm retainers in the total amount of $200,000.01 (the "Retainer"). The Firm assisted the Debtor with the preparation necessary for the filing of their voluntary petition and

transitioning its operations into chapter 11.  Prior to the filing of these cases, the Firm applied $194,007.07 of Retainer funds to pay for all prepetition services.  The Firm continues to hold a retainer in the amount of $5,992.94.

17.     Rebecca Blake Chaikin's hourly rate is $750.00.  The rates of other restructuring attorneys in the Firm range from $525.00 to $985.00 an hour, and the rates of paraprofessionals range from $185.00 to $205.00 per hour.  These rates are consistent with rates that the Firm charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

**D.     The Firm is Disinterested**

18.     To the best of the Debtor's knowledge, these attorneys have no interest adverse to the Debtor, or to the Debtor's bankruptcy estate, and are disinterested.  The Firm has no connections with the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any other person employed in the office of the U.S. Trustee herein, except as disclosed in the Chaikin Declaration.  The Chaikin Declaration demonstrates that although the Firm represents and has represented a number of the Debtor's creditors or affiliates of the Debtor's creditors, those matters are not substantially related to the Debtor's bankruptcy case; the representations are concluded; the representation is of an affiliate; or the representations and the claims of those creditors are immaterial and *de minimis*.

**E.     Supporting Authority**

19.     The Debtor seeks approval to retain the Firm pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

5

33185630v.1

11 U.S.C. § 327(a).

20.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21.    For all the reasons stated herein, the retention and employment of the Firm as requested herein is warranted.  As stated in the Chaikin Declaration, the Firm is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor, and has no connection to the Debtor, its creditors, or other parties in interest except as set forth in the Chaikin Declaration.  Accordingly, the Debtor requests that the Court approve the Application.

WHEREFORE, the Debtor requests that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: July 15, 2022                              _/s/ David Weinhoffer_
Houston, Texas                                     David Weinhoffer
                                                   Chief Restructuring Officer

33185630v.1

## <u>Certificate of Service</u>

I certify that on July 15, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin

**<u>Exhibit B</u>**

**Chaikin Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LAFORTA - GESTÃO E INVESTIMENTOS, | § | Case No. 22-90126 (DRJ) |
| SOCIEDADE UNIPESSOAL LDA.,[1] | § | |
| | § | |
| Debtor. | § | |

**DECLARATION OF REBECCA BLAKE CHAIKIN**
**IN SUPPORT OF THE APPLICATION TO RETAIN JACKSON WALKER LLP**
**AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

The undersigned proposed attorney for the above-captioned debtor and debtor-in-possession submits this verified statement of disinterestedness pursuant to Bankruptcy Rule 2014(a).

1.      My name is Rebecca Blake Chaikin.  I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein.  Each and every statement contained herein is true and correct.

2.      I am an attorney admitted to practice in this Court.

3.      I am a partner in the law firm of Jackson Walker LLP (the "Firm").  The Firm maintains offices for the practice of law in seven Texas cities including one at 1401 McKinney Street, Suite 1900, Houston, Texas 77010.  The Firm's main telephone number is (713) 752-4200 and the Firm's main facsimile number is (713) 752-4221.

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's Foreign tax identification number, is:  LaForta - Gestão e Investimentos, Sociedade Unipessoal, Lda (Zona Franca da Madeira) (5988).

4.      In conjunction with the Debtor's retention of the Firm, I directed a search of the Firm's conflicts system for each of the Debtor's creditors and insiders (the "Potential Parties in Interest").

5.      The Firm may represent other affiliates whose identities and affiliation did not show up on the conflicts system.  It is possible that there are creditors whom the Debtor did not identify in their records that are clients of the Firm.  The following summarizes the findings gleaned from my review of the information available on the Firm's conflicts system divided into current clients of the Firm that are also creditors of the Debtor, former clients, and affiliates of current clients of the Firm that are also creditors of the Debtor, and my and the Firm's connections with the Debtors and their current and former officers, directors, and professionals.

**A.      The Firm's Prior Relationship to the Debtor**

6.      The Firm and the Debtor entered into the Engagement Letter on June 9, 2022.  The Debtor paid the Firm retainers in the total amount of $200,000.01 (the "Retainer").  The Firm assisted the Debtor with the preparation necessary for the filing of their voluntary petition and transitioning their operations into chapter 11.  Prior to the filing of these case, the Firm applied $194,007.07 of Retainer funds to pay for all prepetition services.  The Firm continues to hold a retainer in the amount of $5,992.94.

**B.      Current Clients of the Firm that are Creditors of the Debtor**

7.      The Firm currently represents or has represented entities or affiliates of entities that may have direct or indirect claims or interests against the Debtor and are listed on the attached Schedule 2.  The Firm's ongoing representation of the Schedule 2 entities do not involve or relate to the Debtor or this case.  The determination of whether a client is a "former client" is based on the date of last activity in the Firm's billing software system being five (5) years or more prior to

2

the Petition Date herein.  The designation of a former client may not foreclose a continuing attorney-client privilege.

8.      In addition, the Firm currently represents entities or affiliates of such entities that may have direct or indirect claims against or interests in the Debtor on matters unrelated to the Debtor or this case, which are also set forth in the attached <u>Schedule 2</u>.

9.      Also, the Firm represents certain equity owners in the ultimate owner of the Debtor in matters unrelated to the chapter 11 proceeding of the Debtor.

10.     In the event that any matters or issues arise that are directly adverse to these current clients of the Firm, these matters or issues will be handled by other conflicts counsel as appropriate.

11.     None of the preceding current clients individually represents more than 2% of the Firm's annual revenues.

12.     The Firm previously represented, but does not currently represent other potential creditors or affiliates of potential creditors of the Debtor as reflected on <u>Schedule 2</u>.

**C.      <u>Creditors of the Debtor that are Adverse to the Firm's Clients</u>**

13.     The Firm represents, or has represented in the past, clients that are adverse or potentially adverse to numerous creditors (or affiliates of creditors) of the Debtor.

**D.      <u>The Firm's Connections with the Debtor, Officers, and Professionals</u>**

14.     Lucy Johnson-Davis, with the United States Trustee's Office in Houston, was previously employed by the Firm.

15.     The Firm has in the past, and is likely in the future, to have common clients and connections with the Debtor's prepetition and post-petition attorneys, accountants, and other professionals.  None of those connections are material or present any conflict of interest.

3

16.     Except as set forth herein, neither I nor the Firm have had any connection with the Debtor, insiders or affiliates of the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee, and are disinterested persons within the meaning of 11 U.S.C. § 101(14), to the best of my knowledge.

**E.     Statement Regarding United States Trustee Guidelines**

17.     The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  The Firm also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines"), both in connection with this Application as well as any interim and final fee applications that may be filed by the Firm in connection with this chapter 11 case.

**F.     Attorney Statement Pursuant to the U.S. Trustee Fee Guidelines**

18.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Fee Guidelines.

**Question**:     Did the Firm agree to any variations from, or alternatives to, the Firm's standard billing arrangements for this engagement?

**Answer**:     No.  The Firm and the Debtor have not agreed to any variations from, or alternatives to, the Firm's standard billing arrangements for this engagement. The rate structure provided by the Firm is appropriate and is not significantly different from (a) the rates that the Firm charges for other

4

non-bankruptcy representatives or (b) the rates of other comparably skilled professionals.

**Question**:   Do any of the Firm professionals in this engagement vary their rate based on the geographical location of the Debtor's chapter 11 case?

**Answer**:   No.  The hourly rates used by the Firm in representing the Debtor are consistent with the rates that the Firm charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

**Question**:   If the Firm has represented the Debtor in the 12 months prepetition, disclose the Firm's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If the Firm's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**:   My hourly rate is $750.00.  The rates of other restructuring attorneys in the Firm range from $525.00 to $985.00 an hour and the paraprofessional rates range from $185.00 to $205.00 per hour.  The Firm represented the Debtor during the weeks immediately before the Petition Date, using the foregoing hourly rates.

**Question**:   Has the Debtor approved the Firm's budget and staffing plan, and if so, for what budget period?

**Answer**:   The Firm has not prepared a budget and staffing plan.

19.   The Firm will periodically review both the changes in identifiable parties in interest of the Debtor and clients of the Firm as such information becomes available or relevant, and will update this disclosure as appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of July, 2022

/s/ Rebecca Blake Chaikin
Rebecca Blake Chaikin

5

### Schedule 1

**Schedule of Searched Parties**

Abel Vargas Guzman
ABS
ABW LLC
ABW Vessel Management
Advanced Drilling Systems
Advokatfirmaet BAHR AS
AF Global
AF Global Corporation
Alcentra Fund S.C.A. SICAV-SIF
Alcentra Global Special Situations Fund
Alfredo Merinos
ALITAN SHIPPING SERVICES SPRL
Alstonia Investments LTD
Aluguer de Equipamentos Technologico
Anna Martin
Antonio Joaquim Brochado Correia
Antonio Oscar Garza
Aon Risk Services Sothwest, Inc.
ARIAS FABREGA & FABREGA
Asia Drilling Equipment Holding Limited
Banco Nacional de Mexico, S.A.
Belgravia Trustees International Limited
Bicentenatio
Bruno Sa Figueira
CAELLA MARITIME INVESTIGATION SPRL
Cantarell I, Lda
Cantarell II, Lda
Cantarell III Drilling PTE, LTD
Cantarell IV
Cantarell IV Drilling PTE, LTD
Carlos Jose Figueiredo Rodrigues
Carolina Luque
Catarell y Cantarell II
Centenario GR
Cesar Rael Abogados
Clareant SCF S.A.R.L.
Clarkson Platou Shipping Services USA, LLC
Clifford Chance US LLP
Complet Drilling Investments S.A.
Complet Drilling Investments, S.L.
Connector Specialists Incorporated
Corporation Service Company
Cuatrecasas
DAEWOO SHIPBUILDING MARINE
Danilo Bento Camacho Gouveia

David Weinhoffer
Deutsche Bank Luxembourg S.A.
Deutshe Bank Trust Company Americas
Douro Seas Shiping, Lda
EcoQuantica, S.C.
Edmundo Rodriguez Sobrino
Elita Maria Correia
Enrique Tovar Milan
Ernst & Young Audit & Associados – SROC S.A.
Euro Investments Maritime Equipments S.P.R.L.
Euro Investments Maritime Equipments SPRL
Favorável Mediação de Seguros
Fels Asset Co 2 PTE, LTD
Fels Asset Co PTE, LTD
Ferreira Burgher y Asociados S de RL de CV
GL Noble Denton
Global Drilling Investigation Co. Limited
Greylock Credit
Greylock Global Focus Master Fund Ltd.
Greylock Global Opportunity Master Fund Ltd.
Groupo R Exploracion Marina S.A. de C.V.
Grupo Financiero Banamex, Division Fiduciaria
Grupo Gerez
Grupo International Ltd
Grupo R. Exploracion Marina S.A. de C.V.
Grupo R. Perforacion SA de CV
Helmuth Waogau
Holland & Knight LLC
HSH NordBank
I. Maestre Casanovas
Igmasa Management Luxembourg S.a.r.l.
Ignasi Maestre Casanovas
Industrial Perforadora de Campeche, S.A. de C.V.
Jean Naveaux
Joao Alberto Nunes Fernandes
Joao Rui Fernandes Ramos
Jorge Anzaldua
Jose Alfredo Merinos
Jose Maria Romero Fernandez
Kamney Ventures Ltd.
Kapitalforeningen Investin Pro
La Muralla IV
LaForta – Gestao e Investimentos LDA
LaForta - Gestao E Investimentos, Sociedade Unipessoal LDA (Zona Franca Da Madeira)

Logistics Masters, S.C.
Loyens & Loeff (Bruxelas)
Loyens & Loeff Luxembourg SARL
Luis Enrique Gonzalez
Luis Miguel Gonalves Rosado
Luis Pedro Magalhaes Varela Mendes
Luntam Holding Limited
MACCO
Maria del Pilar Castillo
MFC Services USA LLC
Miguel Ortiz Diaz
Milbank
Mizuho Corp. Bank
Monterey Audit S.a.r.l.
Multi-strat S.A.R.L.
Nader Hayaux & Goebel
Octavio Careaga
ODH Investments Ltd
Offshore Dilling Holding S.A.
Offshore Drilling Holding S.A.
Offshore Specialty Fabricators, LLC
Onshore drilling holding, s.a.
OOS Energy BV
Owl Creek Asset Management L.P.
Pricewaterhousecoopers & Associados – Sociedade de
Ramiro Garza Vargas
Ramon Rullo Amoros
Raschid Mohamed Sanchez
RDS Ultra-Deepwater, Ltd.
Realdania
Revisores Oficiais de Contas LDA
Rig Equipment Maritime Societe Provee a Responsabilite Limitee
Rig Equipment Maritime, SPRL

Roberto Banos
Rothschild & Co Mexico, S.A. de C.V.
Rothschild & Co.
Roy C. Durling
Roy Rudolphus Antonius Makaay
Rubicon
Rubicon Drilling Services
Rubicon Drilling Services - Aluguer de Equipamentos Tecnologicos, Unipessoal, Lda
Rubicon Drilling Services, Lda.
Rui Abel Serra Martins
Sabia Drilling Business Limited
Samuel de Araujo
San Bernardino County Employees' Retirement Association
SDM
Seguros Inbursa, S.A.
Sergio Onofre Garcia
Shell Exploracion Y Extraccion de Mexico S.A. de C.V.
Societe Unipessoal LDA (Zona Franca De Madeira)
SUBDRILL SUPPLY LTD
Susana Jose Teixeira Rodrigues Pereira
Tana Investment Company S.A.
Tatiana Vanessa Goncalves Fernandes
Torello – Trading Internacional LDA
Tribune Trustees International Limited
Unipessoal, LDA (Zona Franca de Madeira)
Uria Menendez
Utiledulci-Comercio International E Servicios
Vontobel Fund Emerging Markets Corporate Bond
Wilenprom Societe Provee A Responsibilite Limitee
Wilenprom SPRL

**Schedule 2**

| JW Client Name | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| AF Global | AF Global | Vendor | Client |
| American Bureau of Shipping (ABS) | ABS | Vendor | Client |
| Banco Nacional de Cuba | Banco Nacional de Mexico, SA | Vendor | Client |
| Cabrera Adriano, Maria del Pilar | Maria del Pilar Castillo | Officer | Client |
| Clareant SCF S.A.R.L. | Clareant SCF S.A.R.L. | Vendor | Client |
| Corporation Service Company | Corporation Service Company | Vendor | Client |
| Deutsche Bank | Deutsche Bank | Lender | Client |
| Garza Vargas, Jose Ramiro | Abel Guzman Vargas | Officer | Client |
| Garza, Antonio aka Garza, Tony | Antonio Oscar Garza | Officer | Client |
| Mizuho Corporate Bank | Mizuho Corporate Bank | Vendor | Client |
| Offshore Specialty Fabricators, LLC | Offshore Specialty Fabricators, LLC | Creditor | Client |
| Realdania | Realdania | Vendor | Client |
| Rubicon Oilfield International | Rubicon Drilling Services Aluguer de Equipamentos Tecnologicos Unipessoal Limitada | Vendor | Client |
| Rubicon Representation, LLC | Rubicon Drilling Services Aluguer de Equipamentos Tecnologicos Unipessoal Limitada | Vendor | Client |
| San Bernardino County Employees' Retirement Association | San Bernardino County Employees' Retirement Association | Vendor | Client |