IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LAFORTA GESTÃO E INVESTIMENTOS, SOCIEDADE UNIPESSOAL LDA.,[1] | § § | Case No. 22-90126 (DRJ) |
| | § | |
| Debtor. | § | **Re: Docket No. 62** |
| | § | |

**BACKSTOP LENDERS'
MOTION TO CLARIFY THE
FINAL ORDER AUTHORIZING (I) POST-PETITION
FINANCING SECURED BY SENIOR LIENS, (II) GRANTING
ADEQUATE PROTECTION, AND (III) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Backstop Lenders, consisting of certain holders, investment advisors, sub-advisors, and managers of the account of such holders of the senior secured notes issued pursuant to that certain indenture, dated as of September 20, 2013 (as amended, restated, modified, and supplemented through the date hereof, the "Indenture"), by and among Offshore Drilling Holding S.A., a public limited liability company (société anonyme) incorporated under the laws of the Grand Duchy of Luxembourg ("ODH"), as Issuer, the Guarantors party thereto, and Deutsche Bank Trust Company Americas, as trustee and collateral agent (the "Trustee and the Noteholder Collateral Agent"),

---

[1]   The Debtor in this chapter 11 case, along with the last four digits of the Debtor's Foreign tax identification number, is: LaForta - Gestão e Investimentos, Sociedade Unipessoal, Lda (Zona Franca da Madeira) (5988).

governing ODH's 8.375% Senior Secured Notes due 2020 (the "Prepetition Senior Secured Notes") file this *Motion to Clarify the Final Order Authorizing (I) Post-Petition Financing Secured by Senior Liens, (II) Granting Adequate Protection, and (III) Granting Related Relief* (the "Motion"):[2]

## Relief Requested

1. The Backstop Lenders, who backstopped the DIP Loans, seek entry of an order, substantially in the form of the attached proposed order (the "Proposed Order"), clarifying that the roll up of Prepetition Senior Secured Notes in exchange for Roll-Up Loans relates solely to the Debtor's guaranty obligations with respect to such Prepetition Senior Secured Notes and not to the obligations of ODH and the other guarantors of the Prepetition Senior Secured Notes, which are not debtors (the "non-debtor ODH Obligors"). As such, the lenders under the DIP Credit Agreement (the "DIP Lenders") would be able to assert the full amount of the obligations in connection with the Prepetition Senior Secured Notes against the non-Debtor ODH Obligors without taking into account the roll up and exchange approved by this Court in this bankruptcy case with respect to this Debtor. In no event would the DIP Lenders recover more than the full amount of the obligors' obligations with respect to the Prepetition Senior Secured Notes in accordance with the Indenture.

---

[2] A detailed description of the Debtor and its business, the Debtor's chapter 11 case, and the facts and circumstances supporting this Motion is set forth in greater detail in the *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing (I) Post-Petition Financing Secured by Senior Liens, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 12] (the "DIP Motion"). Capitalized terms not defined herein have the meanings ascribed to them, as applicable, in the DIP Motion, *Final Order Authorizing (I) Post-Petition Financing Secured by Senior Liens, (II) Granting Adequate Protection, and (III) Granting Related Relief the Backstop Lenders* [Docket No. 62] (the "Final Order"), or the Senior Secured Superpriority Priming Debtor-in-Possession Credit Agreement ("DIP Credit Agreement") attached to the Final Order as Exhibit 1.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Backstop Lenders confirm consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are §§ 105, 361, 362, 363, 364, 502, 503, 507, and 509 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 2002 and 4001, and rules 4002-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background Relevant to this Motion**

5. On June 16, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtor filed the DIP Motion contemporaneously with the Debtor's petition seeking access to the DIP Financing to ensure it was able to continue operating during the chapter 11 case and preserve the value of its estate for the benefit of all parties in interest. As part of the DIP Financing, the Court approved a roll up (the "Roll Up") of $33.0 million (calculated with principal plus accrued and unpaid interest through June 16, 2022) of the Prepetition Senior Secured Notes (the "Rolled-Up Prepetition Senior Secured Notes").

6. The Final Order did not address the DIP Lenders' rights with respect to the non-debtor ODH Obligors' obligations in respect of the Rolled-Up Prepetition Senior Secured Notes against the non-Debtor ODH Obligors—as such obligation, as dictated by the Bankruptcy Code, is not relevant to the Backstop Lenders' Claim in this Case. **By this Motion, the Backstop**

**Lenders seek to clarify that the roll up of the Debtor's obligations with respect to the Rolled-Up Prepetition Senior Secured Notes did not limit the DIP Lenders' ability to assert the full amount of the non-debtor ODH Obligors' obligations in respect of the Rolled-Up Prepetition Senior Secured Notes against the non-debtor ODH Obligors.** This is especially important where, as here, the DIP Loans are not going to be paid in full. Indeed, if the DIP Lenders were forced to roll up and cancel their Prepetition Senior Secured Notes as to *all* obligors, they would recover less from those non-Debtor obligors than non-DIP Lenders—which is not the intention of any of the relevant parties.

7. Out of an abundance of caution, the Backstop Lenders seek to clarify the Final Order to ensure that the DIP Lenders' rights to assert their rights against the Debtor ODH Obligors are preserved. To be clear, the DIP Lenders would not receive a recovery in excess of their claims. Indeed, it appears that assets outside of the estate are limited.

### Basis for Relief

A. **The Amount of the DIP Lenders' Claims Against the Debtor, including the Roll Up, Need Not Be Reduced by Retaining Claims Against or Amounts Received from the Non-Debtor ODH Obligors.**

8. The DIP Lenders' claims may be asserted in full against both the Debtor and the non-Debtor ODH Obligors on the Prepetition Senior Secured Notes because Supreme Court precedent and the Bankruptcy Code allow creditors to assert the full amount of their claim against a debtor and retain claims against non-debtor third parties (subject to a 100% recovery). The Supreme Court has held that a creditor need not deduct from its claim an amount received from a non-debtor third party in partial satisfaction of an obligation. *Ivanhoe Bldg. & Loan Asso. v. Orr*, 295 U.S. 243, 247, 55 S. Ct. 685, 687 (1935); *see also*, *Reconstruction Fin. Corp. v. Denver & R. G. W. R. Co.*, 328 U.S. 495, 529, 66 S. Ct. 1282, 1300 (1946) ("The rule is settled in bankruptcy proceedings that a creditor secured by the property of others need not deduct the value of that

collateral or its proceeds in proving his debt."); *Nat'l Energy & Gas Transmission, Inc. v. Liberty Elec. Power, LLC (In re Nat'l Energy & Gas Transmission, Inc.)*, 492 F.3d 297, 301 (4th Cir. 2007) ("[T]he Supreme Court held that a creditor need not deduct from his claim in bankruptcy an amount received from a non-debtor third party in partial satisfaction of an obligation."); *In re Del Biaggio*, 496 B.R. 600, 605 (Bankr. N.D. Cal. 2012) (same).

9. Although *Ivanhoe* was decided under the Bankruptcy Act Congress is presumed to have enacted the Bankruptcy Code with an understanding of the holding of *Ivanhoe* and to have intended to incorporate that holding into the Bankruptcy Code, unless the language of the Bankruptcy Code or its legislative history clearly provides otherwise. *See, e.g.*, *Dewsnup v. Timm*, 502 U.S. 410, 419, 112 S. Ct. 773, 779 (1992) ("When Congress amends the bankruptcy laws, it does not write 'on a clean slate.'"). Nor is there any provision in the Bankruptcy Code that addresses the mechanism for accounting for payment by third parties different from that specified in *Ivanhoe*, nor any legislative history indicating Congress intended to overrule *Ivanhoe*. *See In re Del Biaggio*, 496 B.R. at 602-03. Thus, *Ivanhoe* and *Reconstruction Finance* remain controlling law and a creditor need not deduct from its claim an amount received from a non-debtor third party in partial satisfaction of an amount. *See, e.g.*, *Nuveen Mun. Tr. v. Withumsmith Brown, P.C.*, 692 F.3d 283, 295 (3d Cir. 2012); *In re Sacred Heart Hosp.*, 182 B.R. 413, 417 (Bankr. E.D. Pa. 1995) (citing *Ivanhoe* and *Reconstruction Finance* and noting that "a creditor can seek to prove its entire claim in the bankrupt's case notwithstanding the existence of third party collateral or guarantees of payment so long as the claimant does not seek to recover more than one full payment of its claim from whatever source").

10. The Backstop Lenders seek to recover from the Debtor and non-Debtor ODH Obligors no more than the total amount that the DIP Lenders were owed with respect to the Rolled-

Up Prepetition Senior Secured Notes, which comports with applicable law. *Nuveen Mun. Tr. v. Withumsmith Brown, P.C.*, 692 F.3d at 295 ("[A] creditor may file a proof of claim for the total amount it is owed by a debtor even if it has recovered or may recover all or a portion of that amount from a non-debtor," but the actual amount the creditor collects from the estate must be reduced by recovery from third parties. That is, "a creditor cannot collect more, in total, than the amount it is owed.").

11. Similar to the Backstop Lenders' request here, the court in *In re F.W.D.C., Inc.* allowed a creditor to prove the total indebtedness against a debtor without deducting the amount of collateral received from a third party, consistent with *Ivanhoe* and section 506(a). 158 B.R. 523, 528 (Bankr. S.D. Fla. 1993). The court noted, however, that the creditor may not be able to collect the total indebtedness from the debtor, providing this instructive example: "[I]f a creditor received collateral of a third party worth $8 million securing the third party's indebtedness of $10 million and the guarantor of this $10 million indebtedness were in bankruptcy, such creditor would be allowed to prove a claim of $10 million but would not be allowed to realize more than $2 million." *Id*. **This is precisely the Backstop Lenders' request for clarification here—for the DIP Lenders to be able to realize against non-Debtor ODH Obligors any amounts that remain unpaid under the Prepetition Senior Secured Notes without regard to the Roll Up vis a vis this Debtor**.

**B.     Consistent with *Ivanhoe*, the Final Order Should Be Clarified to Allow the DIP Lenders to Assert the Total Amount of Their Prepetition Senior Secured Notes Against the Non-Debtor ODH Obligors.**

12. The Backstop Lenders respectfully request that the Court clarify the Final Order to ensure that the DIP Lenders' rights and claims against the non-Debtor ODH Obligors with respect to the Rolled-Up Prepetition Senior Secured Notes need not be reduced for recovery from the

Debtor.[3]  Specifically, the Backstop Lenders request that the Court enter the attached Proposed Order clarifying the Final Order by including the following language:

> For the avoidance of doubt, nothing in the Final Order prejudices or restricts the rights of the DIP Lenders with respect to non-Debtor affiliates that are co-obligors, guarantors, sureties, or are otherwise obligated under the Prepetition Senior Secured Notes, including with respect to the $33.0 million of rolled up Prepetition Senior Secured Notes; *provided however*, that the DIP Lenders shall not recover in excess of their total claims with respect to the Prepetition Senior Secured Notes in accordance with the Indenture.

## Notice

13. The Backstop Lenders will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 30 largest unsecured claims against the Debtor (if any); (c) counsel to the Debtor; (d) counsel to the DIP administrative agent, GLAS USA LLC, and the DIP collateral agent, GLAS Americas LLC, via email; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Attorney General of Texas; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made to this or any other court.

---

[3] *In re Journal Register Co.*, 407 B.R. 520, 533 (Bankr. S.D.N.Y. 2009) ("We start with the proposition that members of an unsecured creditors class may have rights to payment from third parties, such as joint obligors, sureties and guarantors, and these rights may entitle them to a disproportionate recovery compared to other creditors of the same class (up to a full recovery)"); a*ccord Sec. Inv'r Prot. Corp. v. Waddell Jenmar Sec. (In re Waddell Jenmar Sec.)*, 126 B.R. 935, 947 n.12 (Bankr. E.D.N.C. 1991) (no reduction of claim in bankruptcy for recovery from third party where no double recovery); *see also*, *In re Johnson*, 477 B.R. 879, 882 (Bankr. M.D. Fla. 2012) (allowing a proof of claim to be filed for the full amount, with the caveat that any distribution made within the bankruptcy proceeding could not exceed the total indebtedness); *In re Deleo*, No. 21-20025, 2021 Bankr. LEXIS 3405, at *2 (Bankr. D. Me. Dec. 8, 2021) (same).

The Backstop Lenders respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

December 5, 2022

**PACHULSKI STANG ZIEHL & JONES, LLP**

/s/*Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
Veronica A. Polnick (TX Bar No. 24079148)
Javier Gonzalez (TX Bar No. 24119697)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone:   (713) 691-9385
Facsimile:   (713) 691-9407
Email:       mwarner@pszjlaw.com
             bwallen@pszjlaw.com

– and –

Mark Shinderman, Esquire (admitted Pro Hac Vice)
Casey Fleck, Esquire (admitted Pro Hac Vice)
Brian Kinney, Esquire (admitted Pro Hac Vice)
Mohammad Tehrani, Esquire (admitted Pro Hac Vice)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:   (212) 530-5000
Email:       mshinderman@milbank.com
             cfleck@milbank.com
             bkinney@milbank.com
             mtehrani@milbank.com

*Counsel to the Backstop Lenders*

## Certificate of Service

I certify that on December 5, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Michael D. Warner*
Michael D. Warner, Esq.